IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LA MERLE RONNIE JOHNSON,

        Plaintiff,                    No. CIV S-08-2887 KJM P

   vs.

ARNOLD SCHWARZENEGGER,

        Defendant.               ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the appropriate filing fee. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

1  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.
3  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
4  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
5  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

     A complaint, or portion thereof, should only be dismissed for failure to state a
claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
complaint under this standard, the court must accept as true the allegations of the complaint in
question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

     In his complaint, plaintiff blames high ranking California government officials for
allowing sex offenders to come into close personal contact with children inside prison visiting
rooms.  However, plaintiff fails to point to anything indicating he has standing with respect to
anything alleged in his complaint.  In order for this court to have jurisdiction, each party must
have a "personal stake" in the outcome of the case.  Baker v. Carr, 369 U.S. 186, 204 (1962).
Plaintiff's failure to allege that he has suffered an "injury in fact" as a result of the issues raised
in his complaint must result in dismissal of this action for failure to state a claim upon which
relief can be granted.  See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985) (federal
standing requires an allegation of present or immediate injury).

/////
/////
/////

1  In accordance with the above, IT IS HEREBY ORDERED that this action is
2  dismissed.
3  DATED: February 25, 2009.

U.S. MAGISTRATE JUDGE

1
john2887.dis