IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMERLE RONNIE JOHNSON,

        Petitioner,                  No. CIV S-08-2887 KJM P

   vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.               ORDER

_____/

        On March 6, 2009, plaintiff filed a document which the court construes as motion for reconsideration of the court's February 26, 2009 decision to dismiss plaintiff's complaint for lack of standing.

        A court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Reconsideration is appropriate if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. Id. at 1263.

/////

/////

/////

1 | Plaintiff does not present any evidence he discovered after judgment was entered.
2 | Nothing suggests the court committed clear error by dismissing this action, nor that the decision
3 | was manifestly unjust. There has not been a change in controlling law. Accordingly, IT IS
4 | HEREBY ORDERED that plaintiff's March 6, 2009 motion for reconsideration (#6) is
5 | denied.[1]

DATED: March 19, 2009.

_____
U.S. MAGISTRATE JUDGE

john2887.mfr

---

[1] The court notes that, in his motion, plaintiff seeks leave to file an amended complaint. Plaintiff had an absolute right to amend under Federal Rule of Civil Procedure 15(a). But that right terminated on the entry of judgment. <u>Feddersen Motors v. Ward</u>, 180 F.2d 519, 523 (10th Cir. 1950).